**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | |
|---|---|
| **KENNETH JAY DELOUCHE** | **CASE NO. 2:21-CV-00953** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **H KENT AGUILLARD ET AL** | **MAGISTRATE JUDGE KAY** |

**MEMORANDUM RULING AND ORDER**

On July 14, 2021, the Magistrate Judge issued a Minute Entry stating that no action can or will be taken on the pending motions in this matter until the Bankruptcy Court's automatic stay in Laura Allison Delouche's bankruptcy proceedings has been lifted. [Doc. No. 35]. Before the Court is Plaintiff's Motion for Leave to Lift Minute Entry and Request for Ruling on Plaintiff's Motion to Strike and Motion to Remand [Doc. No. 39] which the Court construes as an Appeal of the Magistrate Judge's Minute Entry. Plaintiff asserts that the bankruptcy filing and automatic stay will not prevent this Court from deciding its own jurisdiction and remanding the case to state court.

Defendants respond that the Bankruptcy Court has entered its order of discharge in Laura Allison Delouche's proceedings, effectively terminating the automatic stay. Defendants therefore join in Plaintiff's motion insofar as he seeks to have the Magistrate Judge's minute entry lifted. However, Defendants submit that their pending substantive motions should be considered before deciding Plaintiff's Motion to Remand and Motion to Strike. [Doc. No. 42].

Plaintiff replies that his motions are jurisdictional whereas Defendants' substantive motions are not; therefore, until the Court decides the threshold issue of jurisdiction, it should not decide Defendant's motions [Doc. No. 43].

For the following reasons, the Appeal will be GRANTED, and this Court will also address Plaintiff's Motion to Remand and Motion to Strike.

## BACKGROUND

Plaintiff filed a personal injury suit on or about February 24, 2021, in the 14th Judicial District Court, Parish of Calcasieu, State of Louisiana for defamation resulting from alleged false statements of criminality made by Defendants H. Kent Aguillard and Caleb K. Aguillard (together "Aguillards") and by their client and Plaintiff's former spouse, Laura Allison DeLouche ("LAD") against Plaintiff's character. The defamatory statements were allegedly made during Plaintiff's bankruptcy proceedings, which have now been dismissed. Plaintiff's suit asserted only state law claims and the parties are non-diverse.

On April 9, 2021, Plaintiff's suit was removed to this Court by the Aguillards [Doc. No. 1]. On May 14, 2021, the Aguillards filed a Motion for More Definite Statement and Motion to Dismiss [Doc. No. 7]. On May 17, 2021, the Aguillards filed an Article 971 Special Motion to Strike [Doc. No. 12].

On May 17, 2021, Plaintiff filed a Motion to Remand or, Alternatively, for Abstention/ Equitable Remand and for Sanctions and Attorney's Fees [Doc. No. 15].

On May 26, 2021, the Aguillards filed pleadings which included a Notice of Suggestion on Pendency of Bankruptcy [Doc. No. 19] based on Plaintiff's former spouse LAD's bankruptcy proceedings. On May 27, 2021, the Aguillards filed a First Amended and Supplemental Notice of Removal in which they attempted to add as an additional post-removal ground of removal, LAD's bankruptcy [Doc. No. 20]. On June 9, 2021, Plaintiff filed a Motion to Strike the First Amended and Supplemental Notice of Removal [Doc. No. 27].

On July 14, 2021, the Magistrate Judge filed the Minute Entry at issue here [Doc. No. 35].

## LAW & APPLICATION

**A.     Appeal of Magistrate Judge's Minute Entry**

Federal Rule of Civil Procedure Rule 72(a) provides that a District Court may modify or set aside any portion of a Magistrate Judge's order of a non-dispositive matter only if the District Court finds the order to be clearly erroneous or contrary to law.

Plaintiff argues that the Magistrate Judge committed clear error because she entered the Minute Entry after concluding she is unable to decide his pending Motion to Remand and Motion to Strike until the stay has been lifted.  In support, Plaintiff cites Judge Cain's Memorandum Ruling and Order in an almost identical case involving Plaintiff's law partner and the Aguillards, *Anthony J. Hebert vs. H. Kent Aguillard, et al*, No. 2:21-CV-01052 (W.D. La. Oct. 27, 2021), Doc. No. 39.  Judge Cain concluded that the existence of a bankruptcy automatic stay does not preclude the Court from deciding a motion to remand because a remand is not an adjudication on the merits, it does not jeopardize or infringe on a debtor's "breathing space" or threaten to deplete the estate against the interests of other creditors, and therefore is consistent with the purposes of a stay. [*Id*, p. 4].

This Court agrees with Judge Cain's reasoning.  Additionally, the Court notes that Defendants acknowledge the Bankruptcy Court has entered its order of discharge in LAD's proceedings, effectively terminating the automatic stay. Accordingly, the Court will GRANT Plaintiff's Appeal of the Magistrate Judge's Minute Entry and will also address the Motion to Remand and Motion to Strike.

### B.  Motion to Remand and Motion to Strike

As noted by Judge Cain, Federal courts are courts of limited jurisdiction, possessing "only that power authorized by the Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Under 28 U.S.C. § 1441(a), a party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction. However, the removing party bears the burden of showing that this jurisdiction exists and that removal was procedurally correct. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). In making its determination the court considers the claims as they existed at the time of removal and construes ambiguities in favor of remand. *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). [*Id.*, p 5].

This Court finds that there is no longer any basis for subject matter jurisdiction, inasmuch as Plaintiff's bankruptcy has been dismissed and now LAD's bankruptcy has been dismissed. Accordingly, Plaintiff's Motion for Remand and Motion to Strike will be GRANTED.

### C.  Defendants' Pending Motions

The Aguillards submit that their pending substantive motions should be considered before deciding Plaintiff's Motion to Remand and Motion to Strike. However, having determined that subject matter jurisdiction does not exist, the Court will decline to examine all other pending motions.

### **CONCLUSION**

For the reasons stated above,

4

**IT IS ORDERED** that the Appeal of Magistrate Judge's Minute Entry [Doc. No. 39] is hereby **GRANTED** and the ELECTRONIC MINUTE ENTRY [Doc. No. 35] is hereby **SET ASIDE**.

**IT IS FURTHER ORDERED** that the Motion to Remand [Doc. No. 15] and the Motion to Strike [Doc. No. 27] are hereby **GRANTED**, and the Motion for Attorney Fees [Doc. No. 15] is **DENIED**. This matter is **REMANDED** to the 14th Judicial District Court, Calcasieu Parish, Louisiana.

**IT IS FURTHER ORDERED** that all other pending Motions are **DENIED AS MOOT**.

Monroe, Louisiana, this 2nd day of December, 2021.

_____
Terry A. Doughty
United States District Judge